UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON LEE JOHNSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-598-HAB-ALT |
| RON NEAL, JOHN DOE, JOHN DOE, CENTURION HEALTH SERVS, LLC, and JOHN OR JANE DOES, | |
| Defendants. | |

OPINION AND ORDER

Brandon Lee Johnson, a prisoner without a lawyer, filed a complaint alleging he has suffered with dental problems since November 2024. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges he began having dental problems in November 2024. He alleges he saw two unknown dentists who diagnosed him with an infection and abscess. He alleges he has received no treatment. He sues four defendants.

Johnson alleges Warden Ron Neal is "responsible for the overall welfare and safety of inmates." ECF 1 at 2. That is true, but there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Therefore, Johnson does not state a claim against Warden Neal for monetary damages. However, Warden Neal does have the authority and the responsibility to ensure that inmates at his facility are provided with necessary medical care to address serious medical needs. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Johnson may proceed against him for injunctive relief.

Johnson sues Centurion Health Services, a private company providing healthcare at the Indiana State Prison. A private company performing a State function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However, corporate "liability exists only when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (quotation marks omitted). This complaint does not state a claim against Centurion because it makes no mention of a policy or custom.

Finally, Johnson sues several unknown defendants. If he can identify them, he may be able to state a claim against them. However, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). If Johnson can identify

these defendants through discovery or otherwise, he may file an amended complaint, but for now they will be dismissed.

For these reasons, the court:

(1) GRANTS Brandon Lee Johnson leave to proceed against Warden Ron Neal in his official capacity for a permanent injunction to obtain constitutionally adequate dental treatment as required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES John Doe, John Doe, Centurion Health Servs, LLC, and John Or Jane Does;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1); and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 10, 2025

                                                   s/ Holly A. Brady
                                                   CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT